IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| PETER PAUL MITRANO, )<br>)<br>Appellant, )<br>)<br>) <br>)<br>LEONARD A. MELKA, *et al.*, )<br>)<br>Appellees. )<br>_____ ) | No. 1:09-cv-429 (AJT/JFA) |

## **MEMORANDUM OPINION**

Appellant Peter Paul Mitrano ("Mitrano") has filed a notice of appeal from an order dated December 19, 2008 entered by the United States Bankruptcy Court for the Eastern District of Virginia in Bankruptcy Case No. 08-12890 (Chapter 13), dismissing Adversary Proceeding No. 08-1437. For the reasons stated below, Mitrano's notice of appeal of the Bankruptcy Court's order dismissing Adversary Proceeding No. 08-1437 (Bankr. Doc. No. 16) and of the Bankruptcy Court's order denying his first motion for reconsideration (Bankr. Doc. No. 27) was untimely and, therefore, the Court dismisses the appeal for lack of jurisdiction. To the extent Mitrano is also appealing the Bankruptcy Court's denial of his second motion for reconsideration and his motion to amend the complaint or transfer proceedings, the Bankruptcy Court's decisions are affirmed.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On May 22, 2008, Mitrano filed a voluntary petition in Bankruptcy Court under chapter 13 of the Bankruptcy Code. The schedule of assets in that proceeding included $700,000 in legal fees owed by Melka Marine. On September 24, 2008, the court ruled from the bench and dismissed the case. On September 29, 2008, Mitrano filed a complaint against Leonard A.

Melka, Karolyn Melka, and Melka Marine, Inc. (the "Appellees") with the Bankruptcy Court seeking to avoid "fraudulent transfers of funds" that Melka Marine received as legal fees under the Equal Access to Justice Act for services Mitrano had previously provided.

On November 6, 2008, Appellees moved to dismiss the complaint for lack of subject matter jurisdiction. On December 19, 2008, the Bankruptcy Court granted the motion to dismiss. On December 29, 2008, Mitrano filed a motion for reconsideration. On February 4, 2009, the Bankruptcy Court denied the motion for reconsideration.

On February 6, 2009, Mitrano filed a "Debtor's and/or Plaintiff's Respectful Demand for Due Process and/or Request for an Extension of Time and/or Request for a Hearing and/or Request for Reconsideration of this Court's Order denying a Hearing in this Matter" (Bankr. Doc. No. 29). On February 11, 2009, Mitrano filed a "First Amended Complaint to Avoid a Fraudulent Transfer Under 11 U.S.C. § 548(a)(1)(B) and to Recover Payment of Money due the Debtor" (Bankr. Doc. No. 31). On February 12, 2009, Mitrano filed a "Motion for Clarification that Debtor is Permitted to File First Amended Complaint Pursuant to Rule 7015; and, in the Alternative, Solely as a Protective Measure, Motion to Transfer the Above-Captioned Adversary Proceeding Number 08-01437-SSM to Bankruptcy Case Numbered 09-10842" (Bankr. Doc. No. 33). In that motion, Mitrano requested the Bankruptcy Court permit him to amend his complaint or, in the alternative, transfer the adversary proceeding to a newly-filed Chapter 13 case.

On March 6, 2009, the Bankruptcy Court issued an order on Mitrano's February 6, 2009 motion (Bankr. Doc. No. 29) and his February 12, 2009 motion (Bankr. Doc. No. 33). In its order, the Bankruptcy Court stated that it "treated [the February 6, 2009 motion] as also seeking reconsideration of the order of February 4, 2009, that denied the motion for reconsideration."

The court denied this second motion for reconsideration, the motion for leave to file an amended complaint, and the motion to transfer the adversary proceeding.

On March 16, 2009, ten days after the Bankruptcy Court issued its order on March 6, 2009, Mitrano filed a Notice of Appeal. In Appellant's Statement of the Issues to be Presented on Appeal, Mitrano identified four issues for appeal: (1) whether the Bankruptcy Court erred in dismissing the action; (2) whether the Bankruptcy Court erred in denying Mitrano's motion for reconsideration; (3) whether the Bankruptcy Court erred in denying Mitrano's motion to file an amended complaint; and (4) whether the Bankruptcy Court erred in denying Mitrano's motion to transfer the adversary proceeding to another Chapter 13 case.

On July 10, 2009, this Court issued an Order in which it stated that the appeal was untimely and ordered that Mitrano show cause as to why the case should not be dismissed for lack of jurisdiction. Mitrano filed a response to the Court's Order on July 29, 2009.

## II. STANDARD OF REVIEW

Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 158(a)(1). A district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. On appeal, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." *Id.* A bankruptcy court's conclusions of law are reviewed *de novo*. *See In re Meredith*, 527 F.3d 372, 375 (4th Cir. 2008); *Gilbert v. Scratch 'N Smell, Inc.*, 756 F.2d 320 (4th Cir. 1985); *see also In re Phinney*, 405 B.R. 170, 175 (E.D. Va. 2009); *Lowe's of Virginia, Inc. v. Thomas*, 60 B.R. 418, 419 (E.D. Va. 1986). In cases where the issues present mixed questions of law and fact, the reviewing court applies the clearly erroneous standard to the

factual portion of the inquiry and conducts a *de novo* review of the legal conclusions derived from those facts. *Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond, Charlotte Branch*, 80 F.3d 895, 905 (4th Cir. 1996). Decisions committed to the discretion of the bankruptcy court are reviewed for abuse of discretion. *See In re Morris*, 385 B.R. 823, 828 (E.D. Va. 2008); *Boleman Law Firm, P.C. v. U.S. Trustee*, 355 B.R. 548, 551 (E.D. Va. 2006).

### III. ANALYSIS

**A. The Appeal of the December 19, 2008 Order and the February 4, 2009 Order is Dismissed As Untimely**

Fed. R. Bankr. P. 8002(a) provides that a notice of appeal in a bankruptcy proceeding must be filed "within 10 days of the date of the entry of judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(b) states: "If any party makes a timely motion of a type specified below, the time for appeal . . . runs from the entry of the order disposing of the last such motion outstanding." The Rule lists four types of motions that fall under it: (1) a motion to amend or make additional findings of fact under Rule 7052; (2) a motion to alter or amend the judgment under Rule 9023 (generally considered a Fed. R. Civ. P. 59(e) motion); (3) a motion for a new trial under Rule 9023; or (4) a motion for relief under Rule 9024 (generally considered a Fed. R. Civ. P. 60 motion).

The Court must first determine whether Mitrano's appeal of the Bankruptcy Court's December 19, 2008 order dismissing the action as well as the denial of Mitrano's first motion for reconsideration, dated February 4, 2009, is timely. If Mitrano's subsequent motion for reconsideration, filed two days after the Bankruptcy Court denied Mitrano's first motion for reconsideration, tolled the ten day appeal period, then the appeal of the December 19, 2008 and February 4, 2009 orders would be considered timely. If, however, the subsequent motion for reconsideration did not toll the ten day appeal period, the appeal of the two orders are untimely

4

because they were issued more than ten days before Mitrano filed a notice of appeal on March 16, 2009.

In *Stangel v. United States*, 68 F.3d 857 (5th Cir. 1996), the Fifth Circuit addressed this exact issue. In that case, the court found that the debtor's second motion for reconsideration of the Bankruptcy Court's order dismissing his Chapter 13 case simply repeated the arguments made in his first motion for reconsideration and was, thus, a successive motion for reconsideration. The court held that successive motions for reconsideration do not toll the appeal period under Fed. R. Bankr. P. 8002(b). Applying case law under Fed. R. App. P. 4(a)(4), the court explained that "the interest of finality requires that the parties generally get only one bite at the Rule 59(e) apple for the purposes of tolling the time for bringing an appeal." *Id.* at 859 (internal citations omitted).

The Court adopts the holding and reasoning of *Stangel* and, applying *Stangel* here, concludes that Mitrano's February 6, 2009 second motion for reconsideration (Bankr. Doc. No. 29) did not toll the appeal period. The February 6, 2009 motion (Bankr. Doc. No. 29) makes no new substantive or legal arguments relating to the Bankruptcy Court's December 19, 2008 order or its February 4, 2008 order. In fact, Mitrano's February 6, 2009 motion (Bankr. Doc. No. 29) does not argue the merits of the Bankruptcy Court's earlier orders, does not frame itself as a motion for reconsideration of the Bankruptcy Court's dismissal, and focuses only on the Bankruptcy Court's decision to forgo a hearing. Accordingly, to the extent the February 6, 2009 motion (Bankr. Doc. No. 29) can be construed as a motion for reconsideration, it is a successive motion, and its filing did not toll the ten day appeal period. Therefore, Mitrano's appeal of the December 19, 2008 order dismissing the action and the February 4, 2009 denial of Mitrano's

first motion for reconsideration is untimely because the appeal was filed more than ten days after the court's February 4, 2009 order.

### B. The Bankruptcy Court's March 6, 2009 Order denying Mitrano's Motion to Reconsider Was Proper

The Court reads Mitrano's appeal as also arguing that the Bankruptcy Court erred in denying his February 6, 2009 motion (Bankr. Doc. No. 29), which the Bankruptcy Court construed as a second motion for reconsideration. Because Mitrano's appeal of the Bankruptcy Court's denial of this second motion for reconsideration was filed within ten days of the Bankruptcy Court's order, the appeal of that issue is timely.

A motion to reconsider is governed by Fed. R. Civ. P. 59(e), made applicable by Fed. R. Bankr. P. 9023. There are three recognized grounds for amending an earlier judgment under Fed. R. Civ. P. 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct a clear error of law or prevent a manifest injustice. *See Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993); *In re Morris*, 365 B.R. 613, 617 (Bankr. E.D. Va. 2007) (citing *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997)). In general, reconsideration of a judgment is "an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.), *cert. denied*, 525 U.S. 1104 (1999). A motion for reconsideration is addressed to the discretion of the bankruptcy court. Thus, on appeal a district court reviews a bankruptcy court's order on a Fed. R. Civ. P. 59(e) motion for abuse of discretion, unless the underlying order to which the Fed. R. Civ. P. 59(e) motion applies is a ruling on a pure question of law, in which case the Court should review the order denying reconsideration *de novo*. *See Lockheed Martin*, 116 F.3d at 112 ("We review an order granting a

6

Rule 59(e) motion under an abuse of discretion standard."); *see also In re Keeler*, 273 B.R. 416, 418 n.1, 422 (D. Md. 2002).

Mitrano's second motion for reconsideration did not rely on any change in law or new evidence that was previously unavailable. Instead, as discussed above, Mitrano argued that the Bankruptcy Court's earlier orders were invalid on due process grounds because he did not receive a hearing. The Bankruptcy Court addressed the due process arguments, stating, "[d]ue process does not require that a party, in addition to submitting written arguments, have an opportunity to present oral argument as well. In this case, the plaintiff had a full opportunity to present, in writing, his reasons for reconsideration of the dismissal order." Bankr. Ct. March 6, 2009 Order at 3 (Bankr. Doc. No. 43). The Bankruptcy Court found that Mitrano's motion did not (1) present an intervening change in controlling law; (2) account for new evidence not previously available; or (3) correct a clear error of law or prevent a manifest injustice.

The sole issue is on appeal is whether there was a clear error of law or manifest injustice in the Bankruptcy Court's judgment denying Mitrano's motion to the extent the motion requested the court to reconsider its earlier orders. As this Court finds no clear error or manifest injustice in the Bankruptcy Court's conclusion that Mitrano's February 6, 2009 motion (Bankr. Doc. No. 29) raised no new arguments, the Bankruptcy Court's March 6, 2009 order denying Mitrano's motion is affirmed to the extent it denies Mitrano's second motion for reconsideration.

### C. The Bankruptcy Court's March 6, 2009 Order denying Mitrano's Motion to Amend His Complaint and His Alternative Motion to Transfer the Proceedings Was Proper

Mitrano also appeals the Bankruptcy Court's order denying his motion to amend the complaint or, in the alternative, to transfer the proceedings. The Court affirms the Bankruptcy Court's denial as to both of Mitrano's requests.

Under Fed. R. Bankr. P. 7015 (applying Fed. R. Civ. P. 15) a party may amend its pleading once either: (a) before being served with a responsive pleading; (b) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar; (c) any time with the opposing party's written consent; or (d) any time with the court's leave, which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a).

In denying Mitrano's motion to amend the complaint, the court explained that Mitrano filed an amended complaint after the Bankruptcy Court had dismissed the action. The amended complaint changed the title of the complaint to include recovery of amounts owed to the debtor, presumably to circumvent the Bankruptcy Court's earlier order finding it lacked subject matter jurisdiction. The Bankruptcy Court found, however, that the allegations of the amended complaint, which still pleaded only avoidance claims, remained unchanged. The Bankruptcy Court concluded that even if it were to construe the amended complaint as containing collection claims, it still would not have jurisdiction. "A bankruptcy court is not a court of general jurisdiction, and it would not be an appropriate use of this court's resources to retain jurisdiction over state law claims solely because a bankruptcy case has been pending when the litigation was commenced." Bankr. Ct. March 6, 2009 Order at 5 (Bankr. Doc. No. 43).

This Court finds that the claims asserted in the proposed amended complaint are constructively identical to the claims Mitrano asserted in his original complaint and, therefore, "allowing the plaintiff to assert such claims and an amended pleading would be futile." *In re Goff Building, L.L.C.*, No. 1:02-cv-50, 2003 WL 23305837, *4 (N.D. W.Va. Jan. 23, 2003), *aff'd* 73 Fed. Appx. 593 (2003). Accordingly, Mitrano's appeal of the Bankruptcy Court's order denying his motion to amend the complaint is denied.

8

The Bankruptcy Court similarly denied Mitrano's request to transfer the adversary proceeding to his subsequently filed chapter 13 case, *In re Peter Paul Mitrano*, No. 09-10842. Because that case is now closed, Mitrano's motion to transfer these proceedings to that case is moot. *In re Mitrano*, No. 1:09-cv-568 (E.D. Va. Aug. 4, 2009) (affirming Bankruptcy Court's decisions and denying appeal).

## IV. CONCLUSION

For the reasons explained above, Mitrano's appeal from the Bankruptcy Court's order dismissing Adversary Proceeding No. 08-1437 (Bankr. Doc. No. 16) and from the Bankruptcy Court's order denying Appellant Peter Paul Mitrano's motion for reconsideration of the court's dismissal order (Bankr. Doc. No. 27) is dismissed for lack of jurisdiction and Mitrano's appeal from the Bankruptcy Court's order denying Mitrano's second motion for reconsideration, motion to amend, and motion to transfer the proceedings (Bankr. Doc. No. 43) is denied and the decision of the Bankruptcy Court is affirmed. An appropriate Order will issue.

/s/ Anthony J. Trenga
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
Nov. 5, 2009